IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLICENIA C. LOGAN                                                                                         PLAINTIFF

v.                                             Civil No. 2:25-cv-02149-TLB

DONALD TRUMP,
President of the United States;
MARCO RUBIO, Secretary of State;
JD VANCE, President of the Senate;
JOHN G. ROBERTS, JR.,
Chief Justice of the United States Supreme
Court; and
THE UNITED STATES GOVERNMENT
(Executive, Legislative, and Judicial
Branches)                                                                                                       DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. (ECF No. 4). The case is before the Court for preservice screening pursuant to 28 U.S.C. § 1915A and is ready for disposition.

Because Plaintiff is prohibited from filing cases pro se in this District it is not necessary to either address her request to proceed IFP or attempt interpretation of her incomprehensible Complaint. Plaintiff is well-known in this District for filing lawsuits with vague, unspecified claims against Defendants who are, at best, tangentially related to any identifiable claim. As a result, the following filing restriction was entered in *Logan v. Sky Rise Real Estate Fund, LLC*, *et al.*, Case No. 2:21-cv-02063, on April 29, 2021:

> **IT IS FURTHER ORDERED** that Ms. Glicenia C. Logan is hereby subject to a **FILING RESTRICTION** concerning any future civil lawsuit she may wish to file in the Western District of Arkansas. The Clerk of Court is **DIRECTED** not to accept for filing any complaint submitted pro se by Ms. Logan; instead the Clerk

should pass the proposed complaint to chambers for initial screening and further instruction. This filing restriction is warranted for the reasons set forth in this Order; however, it **SHALL NOT APPLY** to any civil case filed on Ms. Logan's behalf by a licensed attorney. Further, the restriction **SHALL NOT APPLY** if Ms. Logan has attached to her proposed complaint an affidavit signed by a licensed attorney that states that the attorney has reviewed the proposed pleading and believes that it states facially plausible claims against defendants who are subject to suit.

Plaintiff filed this civil Complaint pro se. She did not attach an affidavit from a licensed attorney stating that the attorney has reviewed the proposed pleading and believes that it states facially plausible claims against defendants who are subject to suit. Thus, this case falls squarely within the filing restriction. Plaintiff may not, therefore, proceed with this action.

Accordingly, it is RECOMMENDED that Plaintiff's Complaint (ECF No. 1) be DISMISSED as barred by the filing restriction placed on her in the case of *Logan v. Sky Rise Real Estate Fund, LLC, et al.,* Civil No. 2:21-cv-02063. (ECF No. 42). The Motion to Proceed IFP (ECF No. 2) should be DENIED as moot. It is further RECOMMENDED that the Clerk be **DIRECTED** to enter a restricted filer flag for Glicenia C. Logan in this District.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of November 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE